**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JAMES A. DINA, ) | |
| ) | CASE NO. 1:06CV2506 |
| Petitioner, ) | |
| ) | JUDGE KATHLEEN M. O'MALLEY |
| v. ) | |
| ) | MAGISTRATE JUDGE VECCHIARELLI |
| MICHELE EBERLIN, Warden ) | |
| ) | **REPORT & RECOMMENDATION** |
| Respondent. ) | |

Petitioner, James A. Dina, ("Dina"), challenges the constitutionality of his convictions in the cases of *State v. Dina*, Case Nos. CR-448207 and CR-475671. Dina, *pro se*, filed a Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on October 17, 2006 with the United States District Court for the Northern District of Ohio. On January 12, 2007, Respondent filed her Answer/Return of Writ and argued that Dina's petition contains only unexhausted claims that are also procedurally defaulted. (Doc. No. 11.) Dina did not file a Traverse. This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2. For reasons set forth in detail below, the Magistrate Judge recommends petition be DISMISSED because Dina has not exhausted his state court remedies.

## I.  Procedural History

**A.     Conviction**

On September 6, 2004, the Cuyahoga County Grand Jury charged Dina with one count of escape in violation of Ohio Revised Code ("O.R.C.") § 2921.34.  (Doc. No. 11, Exh. A.)  Dina, represented by counsel David Snow, entered a plea of guilty to attempted escape.  (Doc. No. 11, Exh. B.)  On May 11, 2004, Dina was sentenced to two years of community control under the supervision of the Adult Probation Department.  *Id*.  The sentence indicated that violation of the terms and conditions of the sentence could result in more restrictive community control or a prison term of fourteen (14) months.  *Id*.  On April 6, 2006, the court found that Dina, who was represented by counsel Anduena Dobroshi, violated community control sanctions and sentenced Dina to a term of fourteen months in the Lorain Correctional Institution.  (Doc. No. 11, Exh. C.)

While Dina was still under community control sanctions, the Cuyahoga County Grand Jury charged Dina with one count of drug possession in violation of O.R.C. § 2925.11 on January 11, 2006.  (Doc. No. 11, Exh. D.)  Dina pled guilty to the charge in the indictment and received a sentence of seven (7) months incarceration to run concurrently with the escape conviction.  (Doc. No. 11, Exh. E.)

**B.     Post-Conviction Petition**

Dina did not file a direct appeal in either case.  On July 27, 2006, Dina filed a Petition to Vacate or Set Aside Sentence with the Cuyahoga County Court of Common Pleas pursuant to O.R.C. § 2953.21 and Ohio Criminal Rule 35.  (Doc. No. 11, Exh. F.)  Dina alleged that his

sentence violated the Fifth and Eighth Amendments of the United States Constitution.[1] *Id.* Dina's petition is still pending before the Cuyahoga County Court of Common Pleas. (Doc. No. 11, Exh. H.)

**C. Federal Habeas Corpus Petition**

On October 17, 2006, Dina, *pro se*, filed a Petition for Writ of Habeas Corpus asserting the following grounds for relief:[2]

> Ground One: Dina alleges that he was denied his right to appeal and that the trial court denied his "motion to retain journal entry."
>
> Ground Two: Dina alleges that he was denied effective assistance of counsel because he has been refused counsel with respect to his habeas petition.
>
> Ground Three: Dina alleges that he has been punished twice for the same offense and, therefore, has been exposed to double jeopardy.
>
> Ground Four: Dina alleges that he was denied effective assistance of counsel because his preliminary hearing was not held within ten days and because he was not brought to trial within ninety days.

(Doc. No. 1.)

**D. State Habeas Corpus Petition**

On December 21, 2006, Dina, *pro se*, filed a state petition for writ of habeas corpus with the Eighth District Court of Appeals. (Doc. No. 11, Exhs. G & H.) In his state petition, Dina argues that he was punished twice for the same crime and thereby exposed to double jeopardy.

---

[1] Dina's post-conviction petition does not articulate how his constitutional rights were violated but does aver that his sentence exceeds that maximum allowed under Ohio law for the offense.

[2] Dina's grounds for relief are not clearly articulated and he never filed a brief or traverse explaining his claims. The following recitation of claims is the Court's best attempt to make sense of Dina's allegations.

(Doc. No. 11, Exh. G.) He also argues that his sentence constitutes a cruel and unusual punishment because it is greater than the maximum allowed under Ohio law for a fifth degree felony. *Id*. Dina's petition is still pending before the Eighth District Court of Appeals.[3] (Doc. No. 11, Exh. H.)

### III. Exhaustion

This case is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), because Dina filed his habeas petition after the effective date of AEDPA. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of AEDPA state:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Before a state prisoner may petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, he must exhaust his state court remedies by fairly presenting all of his constitutional claims to the highest state court and to all appropriate prior state courts. *See Castille v. Peoples*,

---

[3] According to Respondent, Dina was released from custody on December 8, 2006. Dina filed his federal habeas petition on October 17, 2006. If a petitioner is incarcerated at the time he files his petition for habeas corpus, the "in custody" requirement of 28 U.S.C. § 2254 is satisfied. *See Spencer v. Kemna*, 523 U.S. 1, 6 (1998).

489 U.S. 346, 349 (1989); *Cottenham v. Jamrog*, 2007 U.S. App. LEXIS 20421 (6th Cir. Aug. 21, 2007); *Riggins v. McMacklin*, 935 F.2d 790, 793 (6th Cir. 1991). "When a habeas petitioner no longer has an available procedure for presenting unexhausted claims to the State courts, the claims are considered to be procedurally defaulted." *Cottenham*, 2007 U.S. App. LEXIS 20421 at *20.

None of Dina's claimed grounds for relief are exhausted because Dina never filed a direct appeal. Thus, Ohio's state courts have been deprived of an opportunity to adjudicate Dina's claims on direct appeal as part of the state's normal appellate process. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.") Although Dina has presented his claims to state court in the form of a state habeas petition and a post-conviction motion to vacate his sentence, he has not presented any argument that suggests presentation in this manner is an adequate substitute for presentation of the issues on direct appeal. Furthermore, even if such filings constitute an adequate legal substitute for the direct appeal process, Dina's claims still would be unexhausted as they are currently pending in state courts.

A federal court may waive the exhaustion requirement under two sets of circumstances. First, a state can waive the requirement, but such waiver must be made expressly through counsel. 20 U.S.C. § 2254(b)(3). As Respondent expressly argues in her brief that Dina's petition should be dismissed for failure to exhaust state court remedies, the state clearly has not waived the requirement. Second, a habeas court need not wait for a claim to be exhausted if it determines that a return to state court would be futile. *See Lott v. Coyle*, 261 F.3d 594, 608 (6th

5

Cir. 2001). Ohio Appellate Rule 5(A) ("Rule 5(A)") allows a party to seek leave of court to file a delayed appeal. The Sixth Circuit Court of Appeals has recognized that "Rule 5(A) does not set a time limit for the filing of a delayed appeal" and observed that while some Ohio decisions have refused to grant such motions because of an undue lapse of time, other decisions have allowed appeals long after the time for filing a direct appeal has expired. *Deitz v. Money*, 391 F.3d 804 (6th Cir. 2004), *citing State v. Robinson*, 2004-Ohio-4654, 2004 WL 1945687 (Ohio Ct. App. 2004) (holding that a three-and-a-half-year delay in filing a motion was unreasonable); *State v. Simmons*, 1997 Ohio App. LEXIS 696, No. 69238, 1997 WL 83124 (Ohio Ct. App. Feb. 27, 1997) (noting that a motion to file a delayed appeal had been granted in the case more than five years after the defendant pled guilty). Given the paucity of facts in Dina's petition and the flexibility of Rule 5(B), the Court declines to find that a return to state court would be futile.

Therefore, for the foregoing reasons, Dina's claims should be dismissed as unexhausted because he has not exhausted his state court remedies.

### IV. Conclusion

For the foregoing reasons, the Magistrate Judge recommends Dina's Petition be DISMISSED for failure to exhaust available state remedies.

/s/ *Nancy A. Vecchiarelli*
U.S. Magistrate Judge

Date: October 10, 2007

**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**